Michael A. WILLIAMS,
Petitioner–Appellant,

v.

John P. WHITLEY, Warden, Louisiana
State Penitentiary,
Respondent–Appellee.

No. 89–3911.

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1991.

Jeffrey S. Williams, Henry D. Gabriel, Loyola University School of Law, New Orleans, La. (court appointed), for petitioner-appellant.

Jack Peebles, Pamela S. Moran, New Orleans, La., for respondent-appellee.

Before POLITZ, JOHNSON, and GARWOOD, Circuit Judges.

POLITZ, Circuit Judge:

Michael A. Williams appeals the denial of habeas relief, 28 U.S.C. § 2254, particularly from the denial of a motion for an evidentiary hearing. Concluding that Williams was entitled to an evidentiary hearing to develop the facts relevant to an unproduced police report, including the knowledge of his trial counsel about the contents thereof, we vacate and remand for an evidentiary hearing and such other proceedings as may be deemed appropriate.

### Background

In April 1974 Michael A. Williams was convicted of second degree murder and was sentenced to life imprisonment. The only evidence connecting Williams to the murder was the eyewitness testimony of the victim's wife, Kay King. Mrs. King's ability to perceive how the events unfolded was vital—the murder took place at night, the assailant wore a hood, and she never before had seen the assailant.

The conviction was affirmed on direct appeal to the Louisiana Supreme Court in 1976 but the sentence was vacated and the

matter was remanded because the trial court had precluded improperly the possibility of commutation. On remand the trial court reaffirmed the life sentence. Williams has filed previous habeas applications in state and federal court. After a hearing in state court dealing with, *inter alia*, the ineffective assistance of counsel issue as it related to King's drug use and testimony, the writ was denied. He then unsuccessfully sought relief in federal court, raising generally the same issues. On appeal this court affirmed the denial but noted:

> The prosecution's case at trial rested almost exclusively on the testimony of Kay King … Kay King's testimony—and her credibility—were of crucial importance to the jury that convicted Williams. As the Louisiana Supreme Court stated on direct appeal, the *only* evidence presented at trial connecting Williams to the killing was Kay King's testimony … Had there been any question here that King's ability to perceive, identify, and remember Williams was impaired by the effects of drugs, we would have a problem.

*Williams v. Maggio*, 712 F.2d 1414 (5th Cir.1983). Williams' second application to the federal court for habeas corpus relief was dismissed on his own motion due to his failure to exhaust state remedies relative to certain claims.

The current petition, filed in January 1989, raises the following issues: (1) prosecutorial withholding of evidence and knowing use of false testimony; (2) ineffective assistance of counsel; and (3) denial of right to appeal because of the unavailability to appellant of the full trial transcript. Concluding that Williams was not entitled to an evidentiary hearing and that his claims were without merit, the district court denied the application. Williams timely appealed; counsel was appointed to assist in his appeal.

### Analysis

On appeal Williams contends that his conviction should be set aside because he received ineffective assistance of counsel at trial and because *Brady* material that would have been critical in impeaching Mrs. King's testimony was withheld from him. The *Brady* material consists of an official police report in which Mrs. King admits to visiting a methadone clinic shortly before the murder, and allegedly includes as yet unproduced information concerning the giving of testimony by Mrs. King in exchange for the dropping of burglary charges against her and an unproduced statement signed by Mrs. King. The police report issue is the only issue which has not been previously addressed; it is therefore the sole issue we consider.

■ In the seminal case of *Brady v. Maryland* the United States Supreme Court found that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). The Court later held that the *Brady* rule embraced impeachment evidence as well as exculpatory evidence. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). In order to establish that evidence falls within the purview of *Brady*, a petitioner must establish that the evidence was (1) suppressed, (2) favorable, and (3) material. *Smith v. Black*, 904 F.2d 950 (5th Cir.1990) *petition for cert. filed* (U.S. Jan. 22, 1991) (No. 90–1164); *Brogdon v. Blackburn*, 790 F.2d 1164 (5th Cir. 1986), *cert. denied*, 481 U.S. 1042, 107 S.Ct. 1985, 95 L.Ed.2d 824 (1987). We have recognized that information contained in police reports may be *Brady* material. *Lindsey v. King*, 769 F.2d 1034 (5th Cir.1985). Moreover, the prosecution is deemed to have knowledge of information readily available to it and the failure to provide that information when requested is a violation of the *Brady* rule. *See United States v. Auten*, 632 F.2d 478 (5th Cir.1980).

■ The evidence in question, an official police report from the day of the murder, contained information that had obvious relevance to testing, *i.e.*, impeaching, the credibility of Kay King, the state's only

witness who connected Williams to the murder. The police report notes that "[Kay King] and her husband had both been heroin addicts, however lately they were on the Methadone Program. She stated that she had gone to the Methadone Clinic at about 4:30 P.M. that afternoon and then was going to meet her husband at the Golden 12 Lounge." During cross examination Mrs. King testified that she had not taken any methadone "within a few hours" before the murder. The murder occurred just prior to 6:30 p.m. Had defense counsel been furnished the police report, the defendant would have had an opportunity to use its contents to test Mrs. King's ability to perceive the assailant, a critical assessment for the jury in its deliberations. Whether Mrs. King, the only eyewitness, had ingested drugs sufficient to interfere with her ability to identify the murderer was of obvious relevance and evidence which bore onto that fact, pro and con, should have been presented to the trier of fact for such consideration as it found warranted.

Although the issue of trial counsel's knowledge of Mrs. King's drug problems was considered briefly during an evidentiary hearing in a state proceeding, the topic was not explored adequately. At the hearing, counsel indicated that before trial he was aware of Mrs. King's addiction and that she made visits to a methadone clinic; however, there is no evidence in the record before us that defense counsel knew that Mrs. King had visited the clinic shortly before the murder or that counsel was aware of the existence of an official report documenting that visit.

It is well established, both statutorily and jurisprudentially, that a federal habeas petitioner is entitled to an evidentiary hearing on a viable issue when he did not receive a full, fair, and adequate hearing thereon in state court. 28 U.S.C. § 2254(d); *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Streetman v. Lynaugh*, 812 F.2d 950 (5th Cir.1987). The question of the recently disclosed police report has never been the subject of an evidentiary hearing. We therefore remand this case to the trial court for an evidentiary hearing to determine the relevant facts about the police report, including defense counsel's knowledge of the existence and contents thereof, and for such further disposition as is then found to be appropriate.[1]

VACATED and REMANDED.

---

1. We also observe that the district court did not determine whether this claim was barred under Rule 9(b) of the rules following section 2254. That issue, too, remains open on remand.